Chief Justice Robertson
delivered the Opinion of the Court.
Rebecca Merrifield (the plaintiff in error) proceeded by bill in chancery, according to the provisions of the statute of 1828, (session acts, 137,) for the purpose of obtaining a decree against “i/ie society of people called Shakers, at West Union,” in this state, for the value of pérsonal property which, as her bill alleges, she carried with her to that community, and which they promised to restore to her whenever she should leave them, as she avers she had done.
„ The circuit court sustained a demurrer to the bill, and the only question now presented is, whether that decision was erroneous or not.
According to the allegations in the bill, the plaintiff hada clear legal remedy, (if she had any right at all,) and would have had no right to maintain a suit in chancery, unless the act of 1828 be valid, and unless her case as presented by her bill, be embraced by the provisions of the aet.
The act provides, “That it shall and may be lawful for any person having any demand exceeding the sum of fifty dollars,'founded on any contract, implied or expressed, against any of the communi *497 ties of people commonly called Shakers, living together and holding their property in common,'” to maintain a suit in chancery against such community of Shakers in a peculiar mode.
uill against the Slmlu-rs, a i.r of them a de mane! unis'g mu9t ae.-cnu« them as a p“ common.
Monroe, for plaintiff; Crittenden and Wickliffe, for defendants.
The bill rlescrihes the defendantsas{ta society and community of people commonly called Shakers;” but it does not allege that they hold tiieir property ín common; and surely the court could not decide, on its own judicial knowledge, that the defendants hold their property in common; such a deduction would not necessarily result from the fact that they are denominated a community of Shakers. And if the act of 1828 be, in all its provisions, constitutional, it cannot he legitimately construed as etnbracing.the defendants, unless they hold their property in common. The. legislature did not decide that all communities of people called Shakers hold their property in common; nor could any such legislative opinion, if expressed, alter or affect the manner in which any such community may, in fact, hold property.
Wherefore, whether the act of 1828 be valid or invalid, as the bill does not present a case provided for by the act, and as the chancellor had no jurisdiction of the cause of action, independently of its provisions, the circuit court did not err in sustaining •the demurrer.
Decree affirmed.